UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA                        :

   - v. -                                              :        14 Civ. 3470 (CM)
                                                            05 Cr. 1039 (CM)

SAMUEL ISRAEL III,                              :

       Defendant.                         :

------------------------------------------------------------x

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Margaret S. Graham
Assistant United States Attorney
- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA        :

    - v. -                :        14 Civ. 3470 (CM)
                                       05 Cr. 1039 (CM)

SAMUEL ISRAEL III,          :

        Defendant.        :

------------------------------------------------------------x

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE

The Government respectfully submits this memorandum in opposition to the habeas petition filed pursuant to 28 U.S.C. § 2255 ("§ 2255") by Samuel Israel III on May 8, 2014.  Israel argues that the Court should vacate his sentence and resentence him to time served, based on the allegedly insufficient medical treatment he has received while serving his sentence. This petition should be denied as meritless, as: (a) it does not allege a colorable claim under § 2255; (b) to the extent that it is construed as a claim under 28 U.S.C. § 2241 ("§ 2241"), it should be filed in the jurisdiction in which Israel is confined, and (c) to the extent that it should be construed as a motion under 18 U.S.C. § 3852, the Court does not have the authority to grant such a motion.

## I.    BACKGROUND

On September 29, 2005, Israel pleaded guilty to a three-count Information, charging him with: (1) conspiracy to commit investment advisor fraud and mail fraud, in violation of 18 U.S.C. § 371; (2) investment adviser fraud, in violation of 15 U.S.C. §§ 80b-6 and 80b-17; and (3) mail fraud, in violation of 18 U.S.C. § 1341.  On April 14, 2008 he was

sentenced to 240 months' imprisonment, and was ordered to surrender to the Bureau of Prisons ("BOP") on June 9, 2008.

On April 16, 2008, Israel appealed the order of judgment. On July 16, 2009, the Second Circuit Court of Appeals affirmed the district court's judgment.

On July 3, 2008, Israel, having failed to surrender on June 9, was returned on a warrant and was remanded to federal custody. Israel then pleaded guilty on March 16, 2009, to a new Information, charging him with one count of failing to surrender to federal custody, in violation of 18 U.S.C. § 3146(a)(2). On July 23, 2009, Israel was sentenced to 24 months' imprisonment, to run consecutive to the 240-month sentence imposed in his fraud case.

On May 7, 2014, Israel, through counsel, filed a motion to vacate, set aside, or correct his 2008 fraud sentence, pursuant to 28 U.S.C. § 2255.[1]

## II.    DISCUSSION

Israel argues that his 240-month sentence should be reduced to a sentence of time served because of the BOP's alleged inability to address his medical problems during his incarceration. (Mem. 5).[2] According to Israel, the BOP has consistently refused to offer him proper medical treatment, which has exacerbated his existing medical problems, culminating in a near-death experience in 2013. (Mem. 5-7). Israel argues that at his 2008 sentencing, the district court selected his sentence "in large part" based upon "the assurances by the Federal Bureau of Prisons that it could in fact adequately treat the medical conditions of the Petitioner." (Mem. 8). Israel argues that the BOP's alleged inability to provide him with adequate treatment or effective pain management has negated the Court's rationale in imposing a 240-month sentence, and that he should therefore be resentenced. (Mem. 8-9).

---

[1]  Israel does not challenge his 2009 sentence for failure to surrender.
[2]  "Mem." refers to Israel's memorandum in support of the instant petition.

### A.      Israel Has Not Made Out a Claim Under § 2255

Putting aside the question of whether the instant petition was filed within the one-year statute of limitations for habeas petitions, 28 U.S.C. § 2244(d)(1), the instant petition is without merit, as Israel has not made out a claim under § 2255.  Collateral relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *United States* v. *Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill* v. *United States*, 368 U.S. 424, 428 (1962)); *see also Nnebe v. United States*, 534 F.3d 87, 90 (2d Cir. 2008) (same).

Israel has not alleged that his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255.  Therefore, Israel can only be asserting that the sentence is "otherwise subject to collateral attack," *id.*, and is therefore required to show that "the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice,'" *United States* v. *Addonizio*, 442 U.S. 178, 185 (1979); *see also Graziano* v. *United States*, 83 F.3d 587, 589-90 (2d Cir. 1996).

Israel's claim that the BOP has frustrated the district court's subjective intent that Israel receive proper medical treatment during his incarceration does not allege such a fundamental defect.  *See United States* v. *Addonizio*, 442 U.S. at 187.  In *Addonizio*, the petitioner claimed that a post-sentencing change in the policies of the United States Parole Commission resulted in a longer sentence than the sentencing judge had intended.  *Id.* at 179. The Supreme Court held that "subsequent actions taken by the Parole Commission — whether or

not such actions accord with a trial judge's expectations at the time of sentencing — [did] not retroactively affect the validity of the final judgment itself." *Id.* at 190.  Because, "[a]ccording to all of the objective criteria — federal jurisdiction, the Constitution, and federal law — the sentence was and is a lawful one," the Supreme Court did not find any "basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge." *Id.* at 187.  Here, similarly, subsequent actions taken by the BOP, whether or not they accord with the district court's expectations at the time of sentencing, do not retroactively affect the validity of the final judgment itself.

To the extent that Israel challenges not the legitimacy of the sentence imposed, but rather the conditions of his confinement, his motion is properly brought under 28 U.S.C. § 2241.  This is because "[a] motion under § 2255 must be 'directed to the sentence as it was imposed, not to the manner in which it is being executed.'"  *Corrao* v. *United States*, 152 F.3d 188, 191 (2d Cir. 1998) (quoting *Dioguardi* v. *United States*, 587 F.2d 572, 573 (2d Cir. 1978)).  "In contrast, a motion brought under § 2241 challenges the execution, not the imposition, of the sentence."  *Corrao* v. *United States*, 152 F.3d at 191; *see also Chambers* v. *United States*, 106 F.3d 472, 474 (2d Cir. 1997) ("A petitioner seeking to challenge the legality of the imposition of a sentence by a court may therefore make a claim pursuant to Section 2255. . . . A challenge to the execution of a sentence, however, is properly filed pursuant to Section 2241."); *Kingsley* v. *Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1997) ("challenges to the length, appropriateness or conditions of confinement are properly brought under 28 U.S.C. § 2241").

Recognizing that § 2255 was not intended to allow litigation over the conditions of confinement, *see United States* v. *Huss*, 520 F.2d 598, 603-04 (2d Cir. 1975), district courts

routinely deny § 2255 petitions challenging the adequacy of medical treatment received by petitioners while incarcerated. *See, e.g., United States* v. *Lambert*, No. 3:10-cv-788 (CFD), 2011 WL 4963858, at *5 (D. Conn. Oct. 19, 2011) (denying § 2255 motion based on BOP's allegedly inadequate medical treatment of petitioner); *Brama* v. *United States*, No. 08 Civ.1931 (RMB), 2010 WL 1253644, at *6 (S.D.N.Y. Mar. 16, 2010) (same); *United States* v. *Campbell*, No. CR-05-304 (CPS), 2009 WL 2252228, at *2 (E.D.N.Y. July 28, 2009) (same); *Harvey* v. *United States*, No. 08 Civ. 7487, 2009 WL 1939719, at *2 (S.D.N.Y. July 06, 2009) (same); *Reyes* v. *United States*, No. 07 Civ. 10943 (SAS), 2009 WL 274482, at *1 n.2 (S.D.N.Y. Feb. 3, 2009) (same); *Sullivan* v. *United States*, No. 02 CV 4947 SJ, 2002 WL 32096584, at *1 (E.D.N.Y. Dec. 6, 2002) (same); *United States* v. *Donahue*, No. 00-2454, 2001 WL 474417, at *6 (E.D. Pa. May 1, 2001) ('This court has no jurisdiction to reduce petitioner's sentence at his request because of his subsequently diagnosed illness."); *Tejeda* v. *Reno*, No. 00-CIV-6338 SAS, 2000 WL 1280969, at *1 (S.D.N.Y. Sept. 11, 2000) ("Because petitioner is claiming that the medical care he has been receiving while a federal prisoner has been deficient, his claim clearly relates to the execution of his sentence and not its original imposition.").

**B.    *This Court Does Not Have Jurisdiction to Consider a Motion Under § 2241***

To the extent that the petition may be construed as a § 2241 petition challenging the conditions of Israel's confinement, the Court does not have jurisdiction to consider it. Petitions filed pursuant to § 2241 must be filed in the petitioner's district of confinement. *See Skaftouros* v. *United States*, 667 F.3d 144, 146 n.1 (2d Cir. 2011). As Israel is currently confined in the Eastern District of North Carolina, this Court has no jurisdiction over any § 2241 claims pertaining to his confinement. *See, e.g., Reyes* v. *United States*, 2009 WL 274482, at *1 n.2 (refusing to rule on § 2255 petition challenging conditions of confinement as § 2241 petition due

to lack of jurisdiction); *United States* v. *Harvey*, No. 05 Cr. 1193 (RWS), 2008 WL 3833928, at

*1 (S.D.N.Y. Aug. 12, 2008) (same).

      C.      ***This Court Does Not Have Authority to Grant a Motion Under 18 U.S.C. § 3582***

      To the extent that the petition may be construed as a petition to modify Israel's

term of imprisonment pursuant to 18 U.S.C. § 3582(c), the Court does not have the authority to

grant it.  Section 3582 states that a court "may not modify a term of imprisonment once it has

been imposed except," as relevant here, "upon motion of the Director of the Bureau of Prisons"

if the court finds that "extraordinary and compelling reasons warrant such a reduction."  18

U.S.C. § 3582(c)(1)(A)(i).  Here, because the Director of the BOP has not moved for a

modification of Israel's sentence, the Court cannot modify the sentence.  *See United States* v.

*Harvey*, 2008 WL 3833928, at *1 (holding that a sentence could not be reduced under section

3582(c)(1)(A) absent a motion by the Bureau of Prisons); *United States* v. *Ozoria*, No. 01 Cr.

0140, 2006 WL 1840764, at *1 (W.D.N.Y. Apr. 22, 2008) (same); *Rivera* v. *United States*, No.

91 Cr. 595 (KTD), 2003 WL 76988, at *1 (S.D.N.Y. Jan. 9, 2003) (same).

## III.    CONCLUSION

      For the reasons set forth above, the Government respectfully submits that Israel's

habeas petition should be denied.[3]  The Government further submits that a certificate of

---

[3] The Government has also received a "Motion for Discovery Pursuant to Rule 6 Governing 28
U.S.C. § 2255 Proceedings," dated June 2, 2014.  "A habeas petitioner, unlike the usual civil
litigant in federal court, is not entitled to discovery as a matter of ordinary course."  *Bracy* v.
*Gramley*, 520 U.S. 899, 904 (1997).  In habeas cases, "[d]iscovery is available only if 'the judge
in the exercise of his discretion and for good cause shown grants leave.'"  *Lonchar* v. *Thomas*,
517 U.S. 314, 326 (1996) (quoting Habeas Corpus Rule 6(a)).  To show "good cause," a
petitioner must present "specific allegations" that give the Court "reason to believe that the
petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to
relief."  *Bracy* v. *Gramley*, 520 U.S. at 908-09 (internal quotation marks omitted).  Petitioner
cannot make such a showing here: whatever the facts of his medical treatment while
incarcerated, he cannot make out a successful habeas claim, for the reasons stated in this brief.

appealability should not be granted, as Israel has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

Dated:         New York, New York
               July 15, 2014


                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

                               By:_____
                                        Margaret Graham
                                        Assistant United States Attorney
                                        Southern District of New York
                                        (212) 637-2923

7

## CERTIFICATE OF SERVICE

I, Margaret Graham, Assistant United States Attorney for the Southern District of New York, hereby certify that on July 15, 2014, I caused a copy of the foregoing Government's Opposition to be served by electronic mail upon the following:

Shane P. Landry, Esq.
PO Box 3326
St. Francisville, LA 70775
shanelandrywf@hushmail.com

Dated:       New York, New York
             July 15, 2014

_____
Margaret S. Graham
Assistant United States Attorney
Southern District of New York
(212) 637-2923