UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————x

UNITED STATES OF AMERICA,

     -against-

SAMUEL ISRAEL,

       Defendant.
———————————————————————————x

05 CR 1039 (CM)
14 CV 3470 (CM)

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

McMahon, J.:

Defendant Samuel Israel has filed a motion pursuant to 28 U.SC. § 2255, asking the Court

to reduce his sentence because he believes the Bureau of Prisons ("BOP") is no longer capable of

caring for his various medical conditions.   The motion is denied.

Background

On September 29, 2005, Israel pleaded guilty to a three-count Information, charging him

with: (1) conspiracy to commit investment advisor fraud and mail fraud, in violation of 18 U.S.C.

§ 371; (2) investment adviser fraud, in violation of 15 U.S.C. §§ 80b-6 and 80b-17; and (3) mail

fraud, in violation of 18 U.S.C. § 1341.   On April 14, 2008 he was sentenced to 240 months'

imprisonment, and was ordered to surrender to the Bureau of Prisons ("BOP") on June 9, 2008.[1]

On April 16, 2008, Israel appealed the order of judgment.   On July 16, 2009, the Second

Circuit Court of Appeals affirmed the district court's judgment.

On May 7, 2014, Israel, through counsel, filed a motion to vacate, set aside, or correct his

---

1 On July 3, 2008, Israel, having failed to surrender on June 9, was returned on a warrant and was remanded to federal custody.   Israel then pleaded guilty on March 16, 2009, to a new Information, charging him with one count of failing to surrender to federal custody, in violation of 18 U.S.C. § 3146(a)(2).   On July 23, 2009, Israel was sentenced to 24 months' imprisonment, to run consecutive to the 240-month sentence imposed in his fraud case.

2008 fraud sentence, pursuant to 28 U.S.C. § 2255.[2]  Israel argues that his 240-month sentence should be reduced to a sentence of time served because of the BOP's alleged inability to address his medical problems during his incarceration.  (Mem. 5).  According to Israel, the BOP has consistently refused to offer him proper medical treatment, which has exacerbated his existing medical problems, culminating in a near-death experience in 2013.  (Mem. 5-7).  Israel argues that at his 2008 sentencing, the district court selected his sentence "in large part" based upon "the assurances by the Federal Bureau of Prisons that it could in fact adequately treat the medical conditions of the Petitioner."  (Mem. 8).  Israel argues that the BOP's alleged inability to provide him with adequate treatment or effective pain management has negated the Court's rationale in imposing a 240-month sentence, and that he should therefore be resentenced.  (Mem. 8-9).

### Israel's Petition is Time Barred

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a defendant has one year from the date the conviction becomes final to file his petition. 28 U.S.C. § 2255.  The limitation period runs from the latest of the date on which: (1) the judgment of conviction becomes final, (2) the impediment to making a motion created by governmental action . . . is removed, if the movant was prevented from making a motion by such governmental action, (3) a right is newly-recognized by the U.S. Supreme Court, if the right is retroactively applicable, or (4) the facts supporting the claims could have been discovered. 28 U.S.C. § 2244(d).  Since Israel's conviction became final sometime in 2009, his petition is clearly time barred under subsection (1). Subsection (2) has no application here because Israel does not allege that governmental action prevented him from bringing the petition.  Subsection (3) is also inapplicable because Israel does not assert a newly-recognized right.

---

2  Israel's instant motion does not explicitly challenge his 2009 sentence for failure to surrender.

Israel would appear to be relying on subsection (4) to bring his otherwise untimely petition within the allowable one year limitations period.   Israel asserts that his claim that the BOP was incapable of "adequately and humanely" caring for his medical needs did not manifest itself until sometime in 2013, when he had a "near-death experience" at the hands of the BOP.   (Mem. 7). However, since Israel's complaints with the BOP over his medical treatment are not a proper basis for a motion brought under 28 U.S.C. § 2255, (*see infra.*), his belated epiphany about the BOP's ability to care for his medical needs did not start the clock anew on the one year limitations period for bringing a § 2255 motion.

Accordingly, the petition is dismissed as time barred.

Israel Has Not Made Out a Claim Under 28 U.S.C. § 2255

Even if the instant petition were deemed filed within the one-year limitations period, the Court would dismiss it nonetheless:   Israel's claim – "the BOP can no longer treat my medical needs" -- is not a justiciable basis for a motion brought pursuant to § 2255.

Collateral relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"   *United States* v. *Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill* v. *United States*, 368 U.S. 424, 428 (1962)); *see also Nnebe v. United States*, 534 F.3d 87, 90 (2d Cir. 2008) (same).   Israel has not alleged that his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."   28 U.S.C. § 2255.   Therefore, Israel can only be asserting that the sentence is "otherwise subject to collateral attack," *id.*, and is therefore required to show that "the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of

justice,'" *United States* v. *Addonizio*, 442 U.S. 178, 185 (1979); *see also Graziano* v. *United States*, 83 F.3d 587, 589-90 (2d Cir. 1996).

Israel's claim that the BOP has frustrated the district court's purported intent[3] that Israel receive proper medical treatment during his incarceration does not allege such a fundamental defect. *See United States* v. *Addonizio*, 442 U.S. at 187. In *Addonizio*, the petitioner claimed that a post-sentencing change in the policies of the United States Parole Commission resulted in a longer sentence than the sentencing judge had intended. *Id.* at 179. The Supreme Court held that "subsequent actions taken by the Parole Commission — whether or not such actions accord with a trial judge's expectations at the time of sentencing — [did] not retroactively affect the validity of the final judgment itself." *Id.* at 190. Because, "[a]ccording to all of the objective criteria — federal jurisdiction, the Constitution, and federal law — the sentence was and is a lawful one," the Supreme Court did not find any "basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge." *Id.* at 187. Here, similarly, subsequent actions taken by the BOP, whether or not they accord with the district court's expectations at the time of sentencing, do not retroactively affect the validity of the final judgment itself.

To the extent that Israel challenges not the legitimacy of the sentence imposed, but rather the conditions of his confinement, his motion is properly brought under 28 U.S.C. § 2241. This is because "[a] motion under § 2255 must be 'directed to the sentence as it was imposed, not to the manner in which it is being executed.'" *Corrao* v. *United States*, 152 F.3d 188, 191 (2d Cir. 1998) (quoting *Dioguardi* v. *United States*, 587 F.2d 572, 573 (2d Cir. 1978)). "In contrast, a

---

3 A word about the Court's subjective intent in formulating defendant's sentence: The driving consideration for the Court in sentencing defendant to 20 years in prison was that he was the mastermind behind a $450 million Ponzi scheme. I may have taken Mr. Israel's medical needs into account when I gave him as little as 240 months; I assuredly would never have given him less, regardless of my perception of the quality of the BOP medical care.

motion brought under § 2241 challenges the execution, not the imposition, of the sentence."

*Corrao* v. *United States*, 152 F.3d at 191; *see also Chambers* v. *United States*, 106 F.3d 472, 474

(2d Cir. 1997) ("A petitioner seeking to challenge the legality of the imposition of a sentence by a

court may therefore make a claim pursuant to Section 2255. . . . A challenge to the execution of a

sentence, however, is properly filed pursuant to Section 2241."); *Kingsley* v. *Bureau of Prisons*,

937 F.2d 26, 30 n.5 (2d Cir. 1997) ("challenges to the length, appropriateness or conditions of

confinement are properly brought under 28 U.S.C. § 2241").

Recognizing that § 2255 was not intended to allow litigation over the conditions of

confinement, *see United States* v. *Huss*, 520 F.2d 598, 603-04 (2d Cir. 1975), district courts

routinely deny § 2255 petitions challenging the adequacy of medical treatment received by

petitioners while incarcerated.   *See, e.g., United States* v. *Lambert*, No. 3:10-cv-788 (CFD), 2011

WL 4963858, at *5 (D. Conn. Oct. 19, 2011) (denying § 2255 motion based on BOP's allegedly

inadequate medical treatment of petitioner); *Brama* v. *United States*, No. 08 Civ.1931 (RMB),

2010 WL 1253644, at *6 (S.D.N.Y. Mar. 16, 2010) (same); *United States* v. *Campbell*, No.

CR-05-304 (CPS), 2009 WL 2252228, at *2 (E.D.N.Y. July 28, 2009) (same); *Harvey* v. *United

States*, No. 08 Civ. 7487, 2009 WL 1939719, at *2 (S.D.N.Y. July 06, 2009) (same); *Reyes* v.

*United States*, No. 07 Civ. 10943 (SAS), 2009 WL 274482, at *1 n.2 (S.D.N.Y. Feb. 3, 2009)

(same); *Sullivan* v. *United States*, No. 02 CV 4947 SJ, 2002 WL 32096584, at *1 (E.D.N.Y. Dec.

6, 2002) (same); *United States* v. *Donahue*, No. 00-2454, 2001 WL 474417, at *6 (E.D. Pa. May 1,

2001) ('This court has no jurisdiction to reduce petitioner's sentence at his request because of his

subsequently diagnosed illness."); *Tejeda* v. *Reno*, No. 00-CIV-6338 SAS, 2000 WL 1280969, at

*1 (S.D.N.Y. Sept. 11, 2000) ("Because petitioner is claiming that the medical care he has been

receiving while a federal prisoner has been deficient, his claim clearly relates to the execution of

his sentence and not its original imposition.").

To the extent that the petition may be construed as a § 2241 petition challenging the conditions of Israel's confinement, the Court does not have jurisdiction to consider it.   Petitions filed pursuant to § 2241 must be filed in the petitioner's district of confinement. *See Skaftouros* v. *United States*, 667 F.3d 144, 146 n.1 (2d Cir. 2011).   As Israel is currently confined in the Eastern District of North Carolina, this Court has no jurisdiction over any § 2241 claims pertaining to his confinement.   *See, e.g., Reyes* v. *United States*, 2009 WL 274482, at *1 n.2 (refusing to rule on § 2255 petition challenging conditions of confinement as § 2241 petition due to lack of jurisdiction); *United States* v. *Harvey*, No. 05 Cr. 1193 (RWS), 2008 WL 3833928, at *1 (S.D.N.Y. Aug. 12, 2008) (same).

To the extent that the petition may be construed as a petition to modify Israel's term of imprisonment pursuant to 18 U.S.C. § 3582(c), the Court does not have the authority to grant it. Section 3582 states that a court "may not modify a term of imprisonment once it has been imposed except," as relevant here, "upon motion of the Director of the Bureau of Prisons" if the court finds that "extraordinary and compelling reasons warrant such a reduction."   18 U.S.C. § 3582(c)(1)(A)(i).   Here, because the Director of the BOP has not moved for a modification of Israel's sentence, the Court cannot modify the sentence.   *See United States* v. *Harvey*, 2008 WL 3833928, at *1 (holding that a sentence could not be reduced under section 3582(c)(1)(A) absent a motion by the Bureau of Prisons); *United States* v. *Ozoria*, No. 01 Cr. 0140, 2006 WL 1840764, at *1 (W.D.N.Y. Apr. 22, 2008) (same); *Rivera* v. *United States*, No. 91 Cr. 595 (KTD), 2003 WL 76988, at *1 (S.D.N.Y. Jan. 9, 2003) (same).   For the reasons stated in footnote 3 supra, I have no inclination to reduce Israel's sentence in any event.

The petition is denied.[4]

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. Section 2253(c)(2); *see United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). Further, the Court finds, pursuant to 28 U.S.C. Section 1915(a)(3), that any appeal from an order denying Israel's motion would not be taken in good faith. *See Feliz v. United States*, 2002 WL 1964347, at *7 (S.D.N.Y. 2002).

This constitutes the decision and order of the court.

Dated:   August 7, 2014

U.S.D.J.

By ECF to All Counsel

---

4 Petitioner also filed a "Motion for Discovery Pursuant to Rule 6 Governing 28 U.S.C. § 2255 Proceedings," dated June 2, 2014. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy* v. *Gramley*, 520 U.S. 899, 904 (1997). In habeas cases, "[d]iscovery is available only if 'the judge in the exercise of his discretion and for good cause shown grants leave.'" *Lonchar* v. *Thomas*, 517 U.S. 314, 326 (1996) (quoting Habeas Corpus Rule 6(a)). To show "good cause," a petitioner must present "specific allegations" that give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy* v. *Gramley*, 520 U.S. at 908-09 (internal quotation marks omitted). Petitioner cannot make such a showing here: whatever the facts of his medical treatment while incarcerated, he cannot make out a successful habeas claim.